**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4409**

———————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

HORATIO EVERHART,

             Defendant – Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.   N. Carlton
Tilley, Jr., Senior District Judge.   (1:08-cr-00186-NCT-2)

———————

Submitted:  March 5, 2010          Decided:  March 26, 2010

———————

Before SHEDD, AGEE, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro,
North Carolina, for Appellant.   Terry Michael Meinecke,
Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Horatio Everhart pled guilty pursuant to a plea agreement to conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006). Due to the quantity of drugs involved, Everhart was subject to a ten-year mandatory minimum sentence; however, because Everhart qualified for the safety valve provision in 18 U.S.C. § 3553(f)(1)-(5) (2006), the district court sentenced Everhart to 108 months' imprisonment, which fell within Everhart's advisory guidelines range. Everhart timely noted his appeal, and on appeal, he has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).[*] Finding no error, we affirm.

In his Anders brief, Everhart suggests that his sentence was substantively unreasonable. According to Everhart, district courts, when sentencing crack cocaine offenders, should calculate an alternative guidelines range that eliminates the sentencing disparity between crack cocaine offenses and offenses involving an equivalent amount of powder cocaine. District courts, Everhart argues, could then enhance an individual defendant's sentence based on the factors in 18 U.S.C. § 3553(a)

---

[*] Although Everhart was informed of his right to file a pro se supplemental brief, he has not done so.

(2006) and the particular circumstances surrounding the defendant's conduct.

This court reviews a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). In reviewing a sentence, the appellate court must "first ensure that the district court committed no significant procedural error," such as improperly calculating the guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence. Gall, 552 U.S. at 51. If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. Id.

"When rendering a sentence, the district court must make an *individualized* assessment based on the facts presented" and "state in open court the particular reasons supporting its chosen sentence." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and citations omitted). This requires the district court to provide a sufficient explanation of the sentence to satisfy this court that the district court has a reasoned basis for its decision and has considered the parties' arguments. Id. When reviewing a sentence on appeal, this court presumes a sentence within the

properly calculated guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In his brief, Everhart relies on Spears v. United States, 129 S. Ct. 840 (2009). Spears, though, does not dictate a particular ratio district courts must adopt in calculating a defendant's advisory guidelines range. Id. at 844. Rather, Spears merely recognizes a district court's authority to substitute its own crack cocaine-to-powder cocaine ratio if it determines that the disparity embodied in the Guidelines is unwarranted. The district court here, in the exercise of its discretion, explicitly rejected the argument that the disparity was unwarranted. We find no abuse of discretion in the district court's determination of Everhart's sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Everhart's conviction and sentence. This court requires that counsel inform Everhart, in writing, of the right to petition the Supreme Court of the United States for further review. If Everhart requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Everhart.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED